# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Eric Allen Powe, Sr., <br><br> Plaintiff <br><br> v. <br><br> State of Nevada, et al., <br><br> Defendants | Case No.: 2:17-cv-00470-JAD-GWF <br><br> **Order Screening Complaint and Granting Leave to File Amended Complaint by 3/25/19** |

Plaintiff Eric Allen Powe, Sr. is a prisoner in the custody of the Nevada Department of Corrections (NDOC), who brings this civil-rights action under 42 U.S.C. § 1983, claiming that his Eighth Amendment rights were violated when prison officials did not provide him medical care for his chronic hives. Because Powe is a prisoner who has not paid a filing fee, I screen his complaint under 28 U.S.C. § 1915A.[1] Upon screening, I find that NDOC and the HDSP are not proper defendants, so I dismiss Powe's claims against them with prejudice. I also dismiss Powe's claims against Dr. Rio, Romeo Aranas, and James Dzurenda, but I allow Powe leave to amend these claims by March 25, 2019, if he can allege true facts to cure the deficiencies outlined in this order. And finally, I find that Powe has stated a colorable Eighth Amendment claim for deliberate indifference to serious medical needs against Doe Prison Officials who responded to his requests to see a doctor about his hives, but did not arrange for a timely doctor's appointment, which may proceed once Powe identifies their true identities.

---

[1] Powe filed his complaint in state court, and defendants removed it to this court. ECF Nos. 1, 1-2. It appears from the documents and the removal statement that removal to federal court was proper.

**Background**[2]

Powe, an inmate at Nevada's High Desert State Prison (HDSP), alleges that he had recurring incidents of hives for three years beginning in February 2014.[3] Powe claims that he sent medical kites and inmate kites to medical providers who procrastinated in responding and told him that he was scheduled for an appointment and would be notified of the date of his appointment.[4] But the responses were not signed and did not provide the title of the provider. Powe alleges that he was unable to see a doctor from February 6, 2014, until March 22, 2016, because there was no doctor available at HDSP.[5] Powe alleges that Dr. Rio ordered him hydrocortisone cream and said that he would order a blood test from a dermatologist outside of HDSP, but that was a lie.[6] Powe contends that he consented to disclose his medical records to Sunrise Hospital, and that it took three years for him to obtain Loratadine medication.[7]

Powe claims he suffered from hives for three years without receiving a blood test from a professional dermatologist outside of HDSP.[8] Powe sues the State of Nevada, NDOC, Director James Dzurenda, Medical Director Romeo Aranas, and Dr. Rio, and he seeks monetary damages, a transfer to another prison, and a blood test from a dermatologist at Sunrise Hospital.[9]

---

[2] These facts are taken from the plaintiff's allegations and are not intended as findings of fact.
[3] ECF No. 1-2 at 2, 4.
[4] *Id.* at 6.
[5] *Id.*
[6] *Id.* at 5.
[7] *Id.*
[8] *Id.* at 7.
[9] *Id.* at 2–3, 10.

Based on these events, Powe alleges that his Eighth Amendment and Fourteenth Amendment rights were violated,[10] but I liberally—and more accurately—construe these claims as alleging claims under the Eighth Amendment for deliberate indifference to Powe's serious medical needs.

**Discussion**

**A.   Screening standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[11] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, or that fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[12]  All or part of the complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact.  This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[13]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[14]  In making this determination, the court takes all allegations of material fact as true and construes them in

---

[10] ECF No. 1-2 at 5–7.

[11] *See* 28 U.S.C. § 1915A(a).

[12] *See* 28 U.S.C. § 1915A(b)(1)(2).

[13] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[14] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

3

the light most favorable to the plaintiff.[15] Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[16] but a plaintiff must provide more than mere labels and conclusions.[17] "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[18] "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[19]

**B.  Analysis of Powe's claims**

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'"[20] A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate.[21] "The Eighth Amendment requires that prison officials provide a system of ready access to adequate medical care."[22] "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference."[23]

---

[15] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[16] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[17] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[19] *Id*.

[20] *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).

[21] *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

[22] *Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir.1982), abrogated in part on other grounds by *Sandin v. Conner*, 515 U.S. 472, 481–84 (1995).

[23] *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain."[24] For the second prong, the plaintiff must prove that the prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[25] To satisfy this deliberate-indifference prong, a plaintiff must show "(a) purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference."[26] "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."[27] When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further harm.[28]

A "difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim."[29] To establish that a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment

---

[24] *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted).

[25] *Farmer*, 511 U.S. at 837; *see also Peralta v. Dillard*, 744 F.3d 1076, 1086 (9th Cir. 2014) (en banc).

[26] *Jett*, 439 F.3d at 1096.

[27] *Id.* (internal quotations omitted).

[28] *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

[29] *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981).

5

the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health."[30]

I find that Powe alleges a serious medical condition by stating that he suffered from itching and pain associated with his intermittent hive outbreaks. What I must determine, therefore, is whether the complaint adequately alleges deliberate indifference against each of the defendants.

### 1. *Powe's claims against unidentified prison officials who responded to his medical kites can proceed once he learns their names.*

Powe's allegations that he wrote kites asking to see a doctor but was not able to see a doctor for years state a colorable claim against the unknown persons who allegedly responded to his kites without arranging for him to see a doctor. Liberally construed, the complaint alleges that these prison officials knew of Powe's hives and his need for treatment, but failed to arrange for him to be treated in a timely manner. These facts are sufficient to allege deliberate indifference by these prison officials, so this claim will proceed against the Doe prison officials who responded to the medical kites when Powe learns their identities. Although the use of the "Doe" placeholder to identify a defendant is not favored, flexibility is allowed in some cases where the identity of the parties will not be known prior to filing a complaint but can subsequently be determined through discovery.[31] So, if Powe learns the true identity of any of the Doe defendants during discovery, he must then move to amend his complaint to assert claims against them at that time.

---

[30] *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).
[31] *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

6

### 2. *Powe's claims against Dr. Rio are inadequately pled, so I grant him leave to amend if he can truthfully plead the necessary facts.*

Powe has not stated a colorable claim for deliberate indifference to serious medical needs against Dr. Rio. According to the complaint, Powe received a prescription for Loratadine and Dr. Rio prescribed hydrocortisone cream for him. Though not entirely clear, Powe appears to allege that he did receive a blood test but not from a dermatologist from outside of HDSP.[32] But Powe has not alleged what this blood test is that he wants, why it is necessary, why it must be performed by a dermatologist at a hospital outside of HDSP, and what harm he has suffered as a result of not receiving this blood test. He also has not alleged facts sufficient to show that Dr. Rio knew that it was necessary for an outside dermatologist to order the blood test and nevertheless made the decision not to arrange for a dermatologist to see Powe and order such a blood test.

So, I dismiss this portion of the claim without prejudice and with leave to amend. If Powe chooses to amend this portion of the claim, he must allege facts sufficient to show what this blood test is, why it is necessary, why it must be performed by a dermatologist outside of HDSP, and what harm he has suffered as a result of not receiving this blood test. He also must allege facts that show that Rio knew that Powe needed this blood test but refused to arrange for it. It will not be enough for Powe to allege that he believes that a blood test from an outside dermatologist is necessary.

As to to the alleged delay in receiving the Loratadine, Powe has not alleged that Dr. Rio played any role in that delay. Powe appears to allege that the delay in receiving the Loratodine

---

[32] ECF No. 1-2 at 14, 15, 29.

may somehow be related to medical records from Sunrise Hospital.[33] His allegations, however, do not clearly indicate why there was a delay in the Loratadine or who was responsible for it. So I dismiss this portion of the claim without prejudice and with leave to amend. If Powe wishes to move forward with a claim relating to the alleged delay in receiving the Loratadine prescription, he must amend his complaint to allege facts sufficient to show which defendants knew he needed Loratadine, but chose not to provide it to him in a timely manner.

### 3. *Powe has not stated a colorable claim against Dzurenda or Aranas, so I dismiss his claims against them with leave to amend.*

Powe also has not stated a colorable claim against defendants Dzurenda or Aranas. Powe alleges only that Dzurenda is the "director" and that Aranas is the medical director of the NDOC and is responsible for the supervision and operation of "Medical."[34] But being a supervisor does not alone subject a state employee to liability for deliberate indifference to serious medical needs[35] because "[t]here is no respondeat superior liability under [§]1983."[36] "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."[37]

"A showing that a supervisor acted, or failed to act, in a manner that was deliberately indifferent to an inmate's Eighth Amendment rights is sufficient to demonstrate the

---

[33] *See* ECF No. 1-2 at 5.

[34] ECF No. 1-2 at 2, 3.

[35] *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

[36] *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

[37] *Id.*

8

involvement—and the liability—of that supervisor."[38] "Thus, when a supervisor is found liable based on deliberate indifference, the supervisor is being held liable for his or her own culpable action or inaction, not held vicariously liable for the culpable action or inaction of his or her subordinates."[39] Therefore, "a plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates."[40] The plaintiff must also show a sufficient causal connection between the supervisor's wrongful conduct and the Constitutional violation.[41]

Powe does not allege facts sufficient to show that either Dzurenda or Aranas was aware of Powe's hives, believed he needed treatment, and nevertheless acquiesced in the denial of that treatment. Thus, Powe has not stated a colorable claim against these defendants for deliberate indifference to serious medical needs. I therefore dismiss the claims against these defendants without prejudice and with leave to amend. If Powe chooses to amend the claims against these defendants, he must allege facts sufficient to show that they knew that he had hives, believed that he needed treatment that they knew he was not receiving, and acquiesced in or otherwise took part in the denial of that treatment.

**C.     HDSP and the State of Nevada are not proper defendants**

Finally, Powe cannot maintain his claims against NDOC or HDSP because neither is legally subject to suit under § 1983.[42] The statute only allows suits against "persons," but HDSP

---

[38] *Starr v. Baca*, 652 F.3d 1202, 1206–07 (9th Cir. 2011).
[39] *Id*. at 1207.
[40] *Id*.
[41] *Id*.
[42] 42 U.S.C. § 1983.

9

is an inanimate building, not a "person" or entity subject to liability under § 1983.[43] And Powe's claims against NDOC fail because the Eleventh Amendment shields states and their governmental agencies from being sued under § 1983.[44] NDOC is an arm of the State of Nevada, so it is immune from this suit.[45] I therefore dismiss, with prejudice, all claims against NDOC and HDSP because amendment would be futile.

**D.  Leave to amend**

Because I have granted Powe leave to amend his Eighth Amendment claims against defendants Rio, Aranas, and Dzurenda, I offer further instruction on that amendment. To take advantage of this amendment opportunity, Powe must file an amended complaint by March 25, 2019. He is advised that an amended complaint replaces the original complaint, so the amended complaint must be complete in itself.[46] He must file the amended complaint on this court's approved prisoner-civil-rights form, and it must be entitled "First Amended Complaint." Powe must follow the instructions on the form. He need not and should not allege very many facts in the "nature of the case" section of the form. Rather, in each count, he should allege facts sufficient to show what each defendant did to violate his civil rights. And because I have dismissed his claims against HDSP and NDOC with prejudice, Powe must not attempt to include

---

[43] *See Allen v. Clark Cnty. Det. Ctr.*, 2:10-CV-00857-RLH, 2011 WL 197201, *4 (D. Nev. Jan. 20, 2011) (holding that "[t]he law defines persons as including natural persons (*i.e.*, human beings) as well as corporations and political subdivisions. However, objects such as buildings do not fit within this definition.").

[44] *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989).

[45] *See Doe v. Lawrence Livermore Nat. Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *Black v. Nevada Dep't of Corr.*, 2:09-cv-2343-PMP-LRL, 2010 WL 2545760, *2 (D. Nev. June 21, 2010).

[46] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original").

claims against these defendants in the amended complaint.[47]  If Powe fails to file an amended complaint by this deadline, this case will proceed only against the Doe prison officials who responded to Powe's kites without providing timely medical care for his hives, once he learns (and substitutes in) their names.

**Conclusion**

IT IS THEREFORE ORDERED that the operative complaint is ECF No.1-2.

IT IS FURTHER ORDERED that:

- **All claims against the NDOC and HDSP are DISMISSED** with prejudice

- The Eighth Amendment **claims for deliberate indifference to serious medical needs against Dr. Rio, Dr. Aranas, and James Dzurenda are DISMISSED with leave to amend by March 25, 2019**;

- The Eighth Amendment **claims for deliberate indifference to serious medical needs MAY PROCEED against the Doe prison officials** who responded to Powe's kites requesting treatment for his hives but did not provide for timely treatment of his hives may proceed once plaintiff learns and successfully substitutes in their names.

IT IS FURTHER ORDERED that **the Clerk of the Court is directed to SEND** plaintiff the approved form for filing a § 1983 prisoner complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-2).  If plaintiff chooses to file an amended complaint, he must use the approved form and he shall write the words "First Amended" above the words "Civil Rights Complaint" in the caption.  The amended complaint will be screened in a separate

---

[47] *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

11

screening order. **If plaintiff does not file an amended complaint by March 25, 2019, this action will proceed only on the claims against the Doe prisons officials** who responded to his kites without providing medical care, once Powe learns and substitutes in their true identities.

Dated: February 22, 2019

_____
U.S. District Judge Jennifer A. Dorsey