**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ERIC ALLEN POWE, SR., | Case No.: 2:17-cv-00470-JAD-EJY |
| Plaintiff | |
| v. | |
| STATE OF NEVADA, et al., | **Order Dismissing Action and Closing Case** |
| Defendants | |

Plaintiff Eric Allen Powe, Sr. is a prisoner in the custody of the Nevada Department of Corrections (NDOC), who filed this civil-rights action under 42 U.S.C. § 1983.  After screening,[1] the court permitted Powe to proceed on his Eighth Amendment claim against defendants L. Stewart and Dr. Rio and issued an order directing Powe to take action to serve those defendants with process.[2]  Unfortunately, the U.S. Marshal's efforts to serve these defendants back in February failed (the notes on Rio's documents state "Admin stated Dr. Rio is an unknown employee,"[3] and the notes on Stewart's say "Admin stated Lorrie Stewart no longer employed by NDOC"[4]), and Powe has taken no additional steps to achieve service.[5]  So the Clerk of Court notified Powe under FRCP 4(m) that this case "may be dismissed without prejudice . . . unless proof of service is filed with the clerk by 03/29/2020."[6]  No such proof was

---

[1] ECF No. 10.

[2] ECF No. 16.

[3] ECF No. 20 at 1.

[4] ECF No. 21 at 1.

[5] *See, e.g.,* ECF No. 16 at 2 (court's instructions).  That order also required Powe to file notice with the court identifying which defendants were served or not served, and he did not do so.

[6] ECF No. 22.

filed.   So, on August 18, 2020, the court ordered Powe to show cause by September 18, 2020, why this case should not be dismissed based on his failure to complete service of process on any defendant.[7]  Powe was warned in bold that, if he failed "to show cause by that deadline, this case will be dismissed and closed without further prior notice."[8]  The order to show cause was returned to sender undeliverable as "not at this facility,"[9] and Powe did not respond to the order. So the court now dismisses and closes this case.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[10] A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[11]  In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[12]

---

[7] ECF No. 25.

[8] *Id*. at 2 (emphasis omitted).

[9] ECF No. 26.

[10] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[11] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[12] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of the plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[13] A court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the fifth factor's "consideration of alternatives" requirement,[14] and that warning was given here.[15] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

Accordingly, with good cause appearing and no reason to delay, IT IS HEREBY ORDERED that **this case is DISMISSED. The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.**

Dated: September 21, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[13] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[14] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

[15] ECF No. 25.